UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYLER N. MILLS,

       Petitioner,

  v.                                   Case No. 12-C-442

JUDY P. SMITH,

       Respondent.

**ORDER**

On May 3, 2012, Petitioner Tyler N. Mills filed this petition pursuant to 28 U.S.C. § 2254 asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Eau Claire Circuit County Court and was sentenced to 12 years and six months imprisonment. He is currently incarcerated in the Oshkosh Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner has failed to comply with Civil Local Rule 9.1, which requires that petitions for habeas relief "must be on forms supplied by the Court." Consequently, Mills' petition is dismissed with leave to amend.

Petitioner has also filed a motion for appointment of counsel (ECF No. 4) pursuant to 18 U.S.C. § 3006A. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Here, Petitioner's Application to Proceed Without Prepayment of Fees and Affidavit shows he is financially eligible for appointment. The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his/her previous attorney's briefing on the very same issues he seeks to raise in federal court. The one exception may be where the petitioner is claiming that the attorney or attorneys who represented him in the state court proceedings provided ineffective assistance of counsel. That is true of none of the claims Petitioner raises here.

Furthermore, I am not convinced that appointment of counsel would serve the interests of justice in this case. Petitioner appears from his filings to date to have more than sufficient ability to communicate in writing. In addition, I note that review in a habeas case is of the record that already exists. Thus, there is no need for outside investigation of facts and gathering new evidence.

2

Finally, the issues Petitioner has raised in his petition — issues of due process — are not so complex that denying his request would result in a miscarriage of justice. While my appraisal of the complexity of the case and Petitioner's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. Accordingly, Petitioner's motion will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider Petitioner's request.

Petitioner filed with his petition an application for leave to proceed *in forma pauperis*. (ECF No. 3.) Given that he had sufficient funds in his account to pay the $5 fee, I denied his motion to proceed *in forma pauperis*. (ECF No. 8.) Petitioner thereafter filed a motion for reconsideration. (ECF No. 10.) However, on May 22, 2012, he submitted the $5 filing fee. Because he paid the filing fee, his request for reconsideration to proceed *in forma pauperis* (ECF No. 10) will be denied as moot.

**IT IS ORDERED** that Mills' petition is dismissed with leave to amend. Mills may file an amended petition within 30 days; if he does so, his petition must comply with the local rules.

**FURTHER, IT IS ORDERED** that petitioner's motion for appointment of counsel (ECF No. 4) is denied without prejudice.

**FURTHER, IT IS ORDERED** that petitioner's motion for reconsideration for leave to proceed *in forma pauperis* (ECF No. 10) is denied as moot.

Dated this 24th day of May, 2012.

    s/ William C. Griesbach
William C. Griesbach
United States District Judge