UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYLER N. MILLS,

        Petitioner,

  v.                                                Case No. 12-C-442

JUDY P. SMITH,

        Respondent.

**SCREENING ORDER**

On May 3, 2012, Petitioner Tyler N. Mills filed this petition pursuant to 28 U.S.C. § 2254 asserting that his state court conviction and sentence were imposed in violation of the Constitution. (ECF No. 1.) Petitioner was convicted of attempted child enticement (contrary to sections 948.07(1) and 939.32 of the Wisconsin Statutes) in Eau Claire Circuit County Court and was sentenced to 12 years and six months imprisonment. He is currently incarcerated in the Oshkosh Correctional Institution. Mills' petition was dismissed with leave to amend on May 25, 2012, for failure to comply with Civil Local Rule 9.1, which requires that pro se inmates use the districts forms in seeking relief under 28 U.S.C. § 2254. (ECF No. 11.) The case is before me now on Mills' motion for reconsideration (ECF No. 12), in which Mills notes that Civil Local Rule 9.1 conflicts with Rule 2(d) of the Rules Governing Section 2254 Cases, which states that "the petition must substantially follow either the form appended to these rules or a form prescribed by a local district court rule." Mills argues his submission substantially followed the local rule and therefore should not have been dismissed on that basis. I agree and will vacate the previous order and proceed to screen his petition.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Mills raises three grounds for relief in his petition. First, he claims he was denied due process of law because he was not afforded the right to testify during the second phase of the trial (mental responsibility). Mills pled "not guilty" and "not guilty by reason of mental disease or defect" pursuant to Wis. Stat. § 971.15(1). The trial was consequently bifurcated pursuant to Wis. Stat. § 971.165. Mills did not testify during the mental responsibility phase of the trial because he says was never informed that he had the right to testify.

As a general matter, the right of a criminal defendant to testify in his or her own defense is "one of the rights that are essential to due process of law in a fair adversary process." *Rock v. Arkansas*, 483 U.S. 44, 51, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (internal quotation marks omitted). This right cannot be waived without the defendant's consent. *See United States v. Curtis*, 742 F.2d 1070, 1076 (7th Cir. 1984) (*per curiam*); *see also United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992) (en banc). Further, a waiver of a defendant's Sixth Amendment rights must be made voluntarily, knowingly and intelligently. *Brewer v. Williams*, 430 U.S. 387, 404, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977); *United States v. Moya-Gomez*, 860 F.2d 706, 731 (7th Cir. 1988).

2

Mills has thus raised a colorable constitutional issue as to whether his right to testify was violated. He will be allowed to proceed on this ground.

Second, Mills says he was denied the right to present a defense in violation of his Sixth, Eighth, and Fourteenth Amendment rights by being barred from demonstrating that due to his neurological deficits, he lacked the ability to form the intent necessary for conviction of the offense. Mills was charged and convicted of attempting to entice a person who he believed was under sixteen years of age to go into a building or secluded place with the intent of having sexual intercourse with a child. Mills claims that due to his "neurological deficits" he was unable to form the specific intent necessary to commit the offense. Mills says he should have been allowed to present evidence (in the form of expert testimony) during the first phase of trial as to whether he had the capacity to form the intent necessary.

The Wisconsin Supreme Court has ruled that psychiatric testimony based on a defendant's mental health history is inadmissible in the first phase of a bifurcated trial on the issue of intent. *Steele v. State*, 97 Wis.2d 72, 294 N.W.2d 2 (1980), and the Seventh Circuit has held that Wisconsin's approach to psychiatric evidence of intent is not an unreasonable application of federal law. *Morgan v. Krenke*, 232 F.3d 562, 569 (7th Cir. 2000). Mills alleges that his situation was different because he was not relying on his mental health history but rather his current condition. Based only on the petition, I am unable to determine that Mills' claim has no possibility of success. Accordingly, he will be allowed to proceed on this claim as well.

Finally, Mills argues he was denied his constitutional right to a unanimous jury verdict. As previously discussed, Mills was charged with attempted child enticement, attempted second degree sexual assault of a child, and attempted sexual intercourse with a person under sixteen years. The

3

jury reported to the court that it had found Mills guilty of attempted child enticement but that it was deadlocked on the attempted sexual assault of a child charge. Mills contends that each of the elements necessary for attempted sexual assault of a child is necessary for attempted child enticement. Mills is incorrect.

Conviction of attempted child enticement requires proof beyond a reasonable doubt of the following elements:

1. The defendant attempted to cause a person to go into a building or secluded place.
2. The defendant attempted to cause a person to go into a building or secluded place with intent to have sexual contact. The phrase "with intent to" means that the defendant must have had the mental purpose to engage in sexual contact.
3. The defendant believed that the person was under the age of 16 years.

Wis. JI. Cr. 2134B. Conviction of attempted second degree sexual assault of a child by attempted sexual intercourse with a person who has not attained the age of sixteen years requires proof beyond a reasonable doubt of the following elements:

1. The defendant intended to have sexual intercourse with another person.
2. The defendant believed that the person was under the age of 16 years.
3. The defendant did acts which demonstrate unequivocally, under all of the circumstances, that the defendant intended to and would have had sexual intercourse with that person except for the intervention of another person or some other extraneous factor.

Wis. JI. Cr. 2105B. The elements are not identical, as Mills suggests. Specifically, the third element — the defendant did acts which demonstrate unequivocally, under all of the circumstances, that the defendant intended to and would have had sexual intercourse with that person except for the intervention of another person or some other extraneous factor — is absent from the requirements for child enticement. Additionally, child enticement speaks of sexual contact, which is distinct from the focus of 2105B, which is sexual intercourse. Thus, the jury could have been deadlocked on the elements of attempted second degree sexual assault while still reaching a

4

unanimous verdict on the attempted child enticement charge. Mills' petition on this ground will not be allowed to proceed.

Mills has raised two colorable constitutional claims and thus will be allowed to go forth on his first and second ground. Thus, IT IS ORDERED that Petitioner's motion for reconsideration (ECF No. 12) is GRANTED.

THEREFORE, IT IS ORDERED that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

FURTHER, IT IS ORDERED that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty

5

pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Because Petitioner's filings will be electronically scanned and entered on the docket upon receipt by the clerk, Petitioner need not mail to counsel for the respondent copies of documents sent to the Court.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing[1] (NEF) to State of Wisconsin respondent(s)[2] through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Dated this __12th__ day of June, 2012.

                                          s/ William C. Griesbach
                                          William C. Griesbach
                                          United States District Judge

---

[1] Any documents not scanned in CM/ECF will have to be sent by the Clerk to the Department in hard copy.

[2] County sheriffs, jail administrators or employees, police officers, county employees or federal agencies (such as I.C.E.) are not included and paper copies must be served on the appropriate Corporation Counsel, jail administrator or other such party by the U.S. Marshal's Service.