UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TYLER N. MILLS,

        Petitioner,

v.                                                  Case No. 12-C-442

JUDY P. SMITH,

        Respondent.

**DECISION AND ORDER GRANTING MOTION TO DISMISS**

Petitioner, Tyler N. Mills, filed a pro se petition for habeas corpus pursuant to 28 U.S.C. § 2254 on May 3, 2012, contending that his state court conviction and sentence were imposed in violation of the Constitution. An Eau Claire County jury rejected Mills' pleas of not guilty and not guilty by reason of mental disease or defect and found him guilty of attempted child enticement, contrary to Wis. Stat. §§ 948.07(1) and 939.32. He was sentenced to twelve years and six months imprisonment. Mills unsuccessfully challenged his conviction in the Wisconsin courts and then filed this action for federal relief. Upon screening Mills' petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court allowed the case to proceed on two claims: (1) that Mills was denied due process of law because he was not afforded the right to testify during the mental responsibility phase of his trial; and (2) that Mills was denied the right to present a defense by being barred from offering expert testimony that he lacked the ability to form the requisite intent for conviction of the offense of attempted child enticement due to his neurological deficits during the guilt phase of the trial.

In lieu of filing a response to Mills' petition, Respondent filed a motion to dismiss on the ground that Mills' claims are procedurally defaulted. Mills thereafter filed a motion for appointment of a guardian ad litem, supported by a psychological evaluation prepared in connection with a separate case in which he was found to be "incapable of independently understanding and managing his person and property," and unable to "function in an independent, reliable, and safe manner if placed outside of a locked facility." (ECF No. 18-1, at 6.) Concluding that adversary counsel was more suited to assist Mills in the current action, the court appointed counsel pursuant to 18 U.S.C. § 3006A(2)(B). Counsel thereafter filed a brief in opposition to the Respondent's motion to dismiss, and Respondent has replied. The matter is now ripe for decision, and for the reasons that follow, Respondent's motion to dismiss will be granted.

**BACKGROUND**

Mills' conviction grew out of a meeting he arranged, via an online chat room, with a person who he thought was a fourteen-year-old girl. In reality, the person Mills attempted to meet was a police officer posing as a fourteen-year-old girl. Mills was charged with attempted child enticement and attempted child sexual assault. Mills pled not guilty and not guilty by reason of mental illness or defect based on a diagnosis of fetal alcohol spectrum disorder (FASD). A bifurcated trial was held consisting of a guilt phase and a mental responsibility phase. Following the guilt phase, the jury convicted Mills on the attempted child enticement charge, but deadlocked on the attempted child sexual assault charge. Mills was also found mentally responsible for the crime.

Mills did not present expert testimony during the guilt phase of trial that his fetal alcohol spectrum disorder precluded his ability to formulate the intent necessary for the offense. In fact, he

2

never raised the issue during or prior to trial. However, Mills did present the testimony of two expert witnesses as to the effects of his FASD during the responsibility phase of his trial. (ECF No. 17-2, at 36-37, 64-65.)

In addition, Mills did not testify on his own behalf at either phase of the trial. Although Mills waived his right to testify in the course of a colloquy with the court during the guilt phase of his trial, the trial court did not re-engage Mills in a similar colloquy during the responsibility phase. Mills did not retake the stand during that phase of the trial. (ECF No. 17-2, at 55.)

Mills appealed the judgment of conviction and the order denying his post conviction motion to the Wisconsin Court of Appeals. Mills raised, *inter alia*, the same two grounds that he raises here in his petition for habeas corpus. The Court of Appeals found that he had forfeited both claims and affirmed his conviction. As to his claim that he had been deprived of his right to testify during the responsibility phase of the trial, the court noted that the State had argued that Mills forfeited the argument by failing to set forth in an offer of proof what his testimony would have been. In affirming his conviction, the Court of Appeals agreed and further held that Mills had conceded the argument by failing to file a reply brief. (ECF No. 17-4.) Likewise, as to his claim that he was deprived of due process because he had been denied the right to offer expert testimony negating his capacity to form the requisite intent to commit the crime of child enticement, the court held that he had forfeited the claim because "he never requested that the experts testify . . . and never set forth an offer of proof as to what their testimony would be." (*Id.*) The court additionally held that he conceded the state's argument as to this claim as well by failing to file a reply brief.

## ANALYSIS

Mills concedes in his response brief that his claims are procedurally defaulted because he failed to make an offer of proof. (Pet. Resp. Br. 5.) Despite Mills' procedural default, he argues that he can establish cause and prejudice to excuse the default or, in the alternative, his procedural default should be excused under the fundamental miscarriage of justice exception. When a petitioner has procedurally defaulted his claims, a federal court cannot adjudicate the merits of his claims unless the petitioner establishes "(1) cause for and actual prejudice arising from failing to raise the claim as required, or (2) that enforcing the default would lead to a 'fundamental miscarriage of justice.'" *Gomez v. Jaimet*, 350 F.3d 673, 679 (7th Cir. 2003) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996)).

Under the cause and prejudice prong, the Supreme Court has defined sufficient cause to excuse a procedural default as "some objective factor external to the defense" that precludes petitioner's ability to pursue his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Mills contends that his mental illness stemming from his FASD provides sufficient cause for the default of his first and second grounds for relief because his "condition is an active force that often cause[s] Mills to work in opposition to his counsel's best efforts and Mills' own benefit." (Pet. Resp. Br. 8.) The Seventh Circuit has outlined that mental illness cannot constitute sufficient cause for default because mental illness is not a factor "external" to the defense within the meaning of *Murray v. Carrier*. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003); *see also Morgan v. Chandler*, 367 Fed. Appx. 700, 703 (7th Cir. 2010) (stating that mental illness is not a factor external to the defense that can constitute good cause for procedural default). Because Mills' FASD is not an "external" factor to his defense, his condition cannot constitute a basis for good cause.

4

Mills contends that the rule articulated by *Harris* was wrongly decided because it misconstrued the cases on which it relied. Because this court is bound by *Harris*, however, Mills' arguments are more appropriately directed to the Seventh Circuit.

Mills asserts, in regard to his second ground for relief, that because he was foreclosed by Wisconsin Supreme Court precedent from having an expert testify at the guilt phase of his trial about whether he was capable of forming the intent necessary to convict him of attempted child enticement, this constitutes sufficient cause to excuse his default. According to *Murray*, sufficient cause can be established where "the factual or legal basis for a claim was not reasonably available to counsel . . . or that 'some interference by officials' . . . made compliance impracticable." 477 U.S. at 488 (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984); *Brown v. Allen*, 344 U.S. 443, 486 (1953)). But even though the Wisconsin Supreme Court has held that expert testimony is not allowed during the guilt phase of a bifurcated trial, *see Steele v. State*, 97 Wis.2d 72, 294 N.W.2d 2 (1980), and *State v. Flattum*, 122 Wis. 2d 282, 361 N.W.2d 705 (1985), this does not mean that Mills was foreclosed from making an offer of proof as to the content of that proposed testimony. Furthermore, though Mills' counsel's effort to present expert testimony would have been futile, "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982)). The fact is that Mills never requested that his experts be allowed to testify during the guilt phase of his trial. That his counsel's attempt to submit the testimony would have been futile is not a sufficient basis to excuse default.

Mills also contends that his trial and post conviction counsel were ineffective for failing to elicit testimony or make an offer of proof as to what the proffered testimony would have been.

5

Thus, Mills asserts, the ineffective assistance of trial and post conviction counsel constitutes sufficient cause for default. Recognizing that his claims of ineffective assistance of trial and post conviction counsel have not been exhausted in state court, Mills requests this Court enter a stay in abeyance while he exhausts his ineffective assistance of counsel claim. However, stay and abeyance is a procedure that is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. And even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

To evaluate ineffective assistance of counsel claims, the Supreme Court enunciated a two-part test in *Strickland v. Washington*, 466 U.S. 668 (1984): (1) whether counsel's performance fell below an objective standard of reasonableness; and (2) whether the defendant was prejudiced by counsel's deficient performance. *Id.* at 688-92. For the second prong, prejudice may be established where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hough v. Anderson*, 272 F.3d 878, 891 (7th Cir. 2001).

Mills cannot establish prejudice regarding his second ground for relief. This is because even if Mills' counsel attempted to introduce expert testimony during the guilt phase of trial or made an offer of proof, there is no reasonable probability that the result of the proceeding would have been any different in light of the Wisconsin Supreme Court's holdings in *Steele* and *Flattum*. In addition, the Seventh Circuit has held that Wisconsin's approach to psychiatric evidence of intent is not an unreasonable application of federal law. *Morgan v. Krenke*, 232 F.3d 562, 569 (7th Cir. 2000) (stating that a "defendant's right to present evidence is not absolute, and the exclusion of even

6

relevant evidence does not automatically create a Due Process violation" and that "for Wisconsin to exclude psychiatric testimony on the capacity to form intent is within its power").

Mills blames his failure to make an offer of proof on his first claim on his attorney, as well. He alleges that he did not testify during the mental responsibility phase of trial because he was never informed that he had the right to testify and that he never made an offer of proof as to what his testimony would have been because his attorney never told him to do so. His attorney's failure to so advise him, Mills contends, constitutes sufficient cause to excuse his default. But even now, Mills makes no offer of proof by affidavit or otherwise before this court as to what his testimony would have been. Thus, this court, like the state courts, is left with no basis on which to determine whether Mills' claim has any potential merit so as to warrant a stay. He has failed to show prejudice.

Even if Mills had not procedurally defaulted his claim that he was denied the opportunity to testify on his own behalf, it clearly has no merit. There is no constitutional requirement that a colloquy take place during a criminal trial to determine whether a defendant wishes to waive his right to testify. *Arrendondo v. Hiubregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). Nevertheless, the trial court conducted a colloquy during the guilt phase of his trial and Mills knowingly and voluntarily waived his right to testify in his own defense. The fact that the trial court did not engage in a second colloquy with Mills during the responsibility phase is not a violation of clearly established federal law.

Even assuming that the trial court should have conducted a second colloquy with Mills, the record establishes that the failure to do so here was harmless. Mills' trial counsel, Attorney Thompson, testified in post conviction proceedings that Mills knew he had a right to testify during

7

the responsibility phase of his trial because they had both talked about it before and during his trial and that Mills agreed not to testify. (ECF No. 17-2, at 55-56.) Thompson, whose testimony the trial court found entirely credible, further testified that Mills, during a break in the responsibility phase of trial, had returned from his cell with a stack of articles on FASD. Mills wanted to testify about those articles, but Thompson informed him that he would not be allowed to testify as an expert and again advised him not to testify. (*Id.*) Mills agreed with this advice. This testimony is more than sufficient to support the trial court's finding that Mills knew he had a right to testify during the responsibility phase of trial and voluntarily chose not to on the advice of his counsel. Given these findings, which Mills does not appear to challenge, his claim that he was denied the right to testify during the mental responsibility phase of his trial is not only procedurally defaulted, but also fails on the merits and no ineffective assistance of counsel can be shown. Accordingly, Mills' request to stay this proceeding to allow him an opportunity to exhaust his ineffective assistance of counsel claim must be denied.

Finally, Mills contends that his procedural default should be excused under the fundamental miscarriage of justice exception. Mills asserts that he has a colorable claim that he is actually innocent because he could not form the requisite intent due to his FASD. This exception applies "only in the 'extremely rare' and 'extraordinary case' where the petitioner is actually innocent of the crime for which he is imprisoned." *Gomez*, 350 F.3d at 679. In order to establish a colorable claim of actual innocence, "the petitioner must come forward with 'new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Mills

requests that this Court hold an evidentiary hearing so that he can present his expert testimony, establishing his actual innocence. Even in the case that the expert testimony could establish that Mills suffered from FASD and that this precluded him from forming the necessary intent to commit attempted child enticement, this testimony would have been inadmissible under Wisconsin law. *See Steele*, 97 Wis.2d at 98. And Mills readily concedes that the expert testimony would not have been allowed. (Pet. Resp. Br. 11.)

Mills, in essence, asserts that the expert opinion testimony will establish that he lacked the mental capacity to form the requisite intent to commit the charged crime. But that issue was fully tried during the mental responsibility phase of the trial, and Mills has not established any deprivation of a federally guaranteed right in the manner in which that phase of his trial was conducted. Mills would like a retrial of the issue in this court, but that is not permitted under AEDPA. He has offered no evidence sufficient to warrant a hearing on the issue of whether his conviction constitutes a fundamental miscarriage of justice. For the foregoing reasons, the Court his petition will be denied.

## CONCLUSION

In sum, Mills' first and second grounds for relief are dismissed on the basis that his claims are procedurally defaulted. Furthermore, Mills has not established that sufficient cause or prejudice to overcome such default. He has also failed to establish that denying review of his claims would result in a fundamental miscarriage of justice. In fact, it is clear on this record that neither claim has

9

merit, even aside from his procedural default. Accordingly, Respondent's motion to dismiss Mills' petition for a writ of habeas corpus will be granted.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing Section 2254 Cases. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When, as here, the case is resolved on procedural grounds, a COA should issue when the prisoner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

I conclude, for the reasons set forth in this opinion, that Mills' claim does not warrant a certificate of appealability. Jurists of reason would not find it debatable that Mills' procedural default of his claims could be excused due to sufficient cause stemming from his mental illness in light of *Harris v. McAdory* or that a fundamental miscarriage of injustice resulted from the Wisconsin Supreme Court's preclusion, under *Steele*, of Mills presenting expert psychiatric testimony during the guilt phase of his trial. Nor do I conclude that a reasonable jurist would disagree that Mills' claim of ineffective assistance of counsel is wholly without merit or that he failed to state any sufficient reason why he did not present his claim first to the Wisconsin courts.

10

**THEREFORE, IT IS HEREBY ORDERED** that Respondent's motion to dismiss is **GRANTED**, Mills' petition is **DISMISSED**, and a certificate of appealability shall not issue.

Dated this   7th   day of March, 2013.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach, Chief Judge
                                                 United States District Court